UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EVERETT F. ROBINSON, #30296-007,

        Petitioner,

v.                                        Action No. 2:19cv133

WARDEN BOLSTER,
Petersburg Low,

        Respondent.

UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Petitioner Everett F. Robinson ("Robinson"), a federal inmate housed in the Federal Correctional Complex in Petersburg, Virginia, filed a *pro se* petition, pursuant to 28 U.S.C. § 2241. ECF No. 1. Robinson asserts the Bureau of Prisons ("BOP") failed to properly calculate his release date in accordance with the First Step Act ("the Act"), and he seeks 119 days of good time credit. *Id.* at 1, 5. Respondent filed a motion to dismiss with a memorandum in support asserting the petition is moot now that Robinson's release date has been calculated pursuant to the Act, and that Robinson failed to exhaust his administrative remedies. ECF Nos. 6–7. For the reasons stated herein, the undersigned **RECOMMENDS** that respondent's motion to dismiss be **GRANTED** and that Robinson's petition be **DISMISSED WITH PREJUDICE.**

## I.    STATEMENT OF THE CASE

Robinson was sentenced to a 360-month term of imprisonment on January 21, 2005. *See United States v. Robinson*, No. 8:02cr227-PJM (D. Md. Jan. 21, 2005), ECF No. 77. By order entered September 16, 2009, the sentence was reduced to 210 months pursuant to 18 U.S.C. § 3582(c). *Id.*, ECF No. 110.

On March 20, 2019, Robinson filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Robinson requested that the BOP immediately recalculate his release date, scheduled for October 2021, pursuant to the First Step Act. *Id.* at 2–4. Robinson further asserted that exhaustion of administrative remedies is not necessary because his petition "involves only a question of law." *Id.* at 2.

On August 12, 2019, Robinson's release date was recalculated based on the First Step Act, and reflects a release date of May 24, 2021. ECF No. 7-1 at 1.

On September 24, 2019, respondent filed a motion to dismiss with a memorandum in support. ECF Nos. 6–7. The motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Robinson with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 8. Robinson did not file a response, and the time for filing has expired. Accordingly, this matter is ripe for review.

## II.    ANALYSIS

### A.    The First Step Act

The First Step Act ("the Act") was enacted on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Section 102(b) of the Act amends 18 U.S.C. § 3624(b) and provides that federal inmates can receive up to 54 days of good conduct time for each year of the sentence

imposed, as compared to 47 days previously allowed. *Id.* Pursuant to the Act, the implementation of § 102(b), including recalculation of an inmate's good conduct time, was delayed until 180 days after the completion of a "risk and needs assessment." *Id.* at § 102(a)(h)(1). The Act provides that the assessment be completed by July 19, 2019, which would give the BOP until January 15, 2020, to recalculate good conduct time. *Id.* at § 101(a).

In his petition, Robinson requested a recalculation of his release date pursuant to the Act. ECF No. 1 at 2–4. This recalculation occurred on August 12, 2019, within the time-frame contemplated by the Act. Accordingly, Robinson's petition should be **DISMISSED** as moot. *See Coney v. Bolster*, No. 2:19cv248, 2019 WL 7877380, at *2 (E.D. Va. Nov. 12, 2019), *report and recommendation adopted*, 2020 WL 603476 (E.D. Va. Feb. 7, 2020).

## B.    Administrative Remedies

In addition, Robinson has failed to exhaust his administrative remedies. Federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *see also Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). Administrative exhaustion "protects 'administrative agency authority,'" ensuring that agencies have an opportunity to correct mistakes and discouraging disregard of agency procedures. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Additionally, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion promotes judicial efficiency. *Id.*

Robinson concedes that he did not attempt to exhaust his administrative remedies prior to filing his federal petition. ECF No. 1 at 2. Robinson argues that he "did not have enough time to litigate fully." *Id.* Robinson, who now has a release date of May 24, 2021, had a suitable amount

of time to pursue administrative remedies prior to filing his petition. In fact, had Robinson pursued administrative remedies, he likely would not have needed to file his federal petition. This failure to exhaust administrative remedies provides an alternative basis for dismissing the petition.

### III.   RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 6, be **GRANTED**, and the petition, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

2.   A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court

based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*,

737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/

_____
Robert J. Krask
**United States Magistrate Judge**
_____

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
March 10, 2020